IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE RUSSAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:23-CV-458-KFP |
| ) | |
| AMITKUMAR PATEL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Plaintiff's Motion for Sanctions Pursuant to Rule 37 for failure to comply with the Court's orders. Doc. 32. For the following reasons, the Court finds that the motion should be granted.

**I.   BACKGROUND**

On August 2, 2023, Plaintiff Andre Russaw filed a Complaint against Defendants Amitkumar Patel and D & S, LLC (D&S) alleging in Count I that Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, for failure to pay Plaintiff overtime wages. Doc. 1. Defendants initially retained counsel and answered the Complaint on September 21, 2023. Doc. 6. The parties consented to the jurisdiction of the undersigned.[1] Docs. 13, 14. The parties filed a Report of Rule 26(f) Planning Meeting (Doc. 16), and the

---

[1] Although the Defendants' consent forms were signed by the attorney who later withdrew, consent remains because the attorney signed on behalf of the party. *Cf. Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1495–96 (11th Cir. 1997) (holding that the parties consented to jurisdiction by a magistrate judge because their attorneys, either orally or in writing, consented).

Court entered a Uniform Schedule Order detailing deadlines for mediation, dispositive motions, and discovery, among other scheduling deadlines, (Doc. 17).

On April 4, 2024, Defendants' counsel filed a Motion to Withdraw, explaining that Defendants had become difficult to reach beginning in December 2023, and that she had been unable to reach Defendants at all since March 4, 2024. Doc. 19. After a telephone conference, which Defendants' counsel attended but Defendants did not, the Court granted the Motion to Withdraw and ordered D&S to retain new counsel because an LLC cannot proceed pro se in federal court.[2] Doc. 21. Defendants' former counsel mailed a copy of the Order to the registered agent of D&S, and she hand-delivered a copy of the Order to Patel, though because he would not come to the front of the store, it was given to an adult working behind the counter. Doc. 23.

On July 11, 2024, Plaintiff filed a Second Motion to Compel[3] because Defendants would not answer or respond to Plaintiff's Interrogatories and Request for Production. Doc. 26. This motion was granted on July 15, 2024, and Defendants were ordered to serve responses by July 29, 2024. Doc. 27. Defendants were warned that failure to comply could result in sanctions. *Id.*

In August 2023 the Court ordered the parties to show cause why they did not file a Notice Concerning Mediation per the Court's Uniform Scheduling Order. Doc. 28. Plaintiff

---

[2] "[L]imited liability companies are . . . 'artificial entities,' [and] they may not appear in federal court otherwise than through a licensed attorney." *United States for use of Midsouth Paving, Inc. v. Provision Contracting Servs., LLC*, 2023 WL 2619317, at *1 (M.D. Ala. Mar. 23, 2023) (citations omitted).

[3] The first Motion to Compel was denied without prejudice to refile after the parties had conferred about the pending discovery dispute in person or by videoconference or after Plaintiff had made good faith efforts to do so. Doc. 25.

2

responded that "Defendants' failure to respond to telephone calls, emails, deliveries by the United States Postal Service . . . have made it impossible to coordinate mediation or advance this case." Doc. 29. Defendants did not reply to the Order.

Given the delinquent nature of Defendants, this Court set a status conference for September 23, 2024, and required Defendants to attend and D&S to have counsel. Doc. 30. Defendants were once again warned that failure to appear with counsel could result in sanctions, including an entry of default judgment. *Id.* The Court held the status conference but Defendants did not appear, nor was a notice of appearance filed on behalf of D&S.

On October 16, 2024, Plaintiff filed a Motion for Sanctions Pursuant to Rule 37, requesting sanctions up to and including default judgment against Defendants for their failure to litigate the case or obey Court orders. Doc. 32. The Court ordered Plaintiff to file a supplemental brief and evidentiary submission to establish Plaintiff's requested damage award against Defendants. Doc. 33. Plaintiff complied and filed a supplemental brief on November 15, 2024. Doc. 39. However, Plaintiff's attached Declaration provided insufficient evidence because it did not comply with the requirements of 28 U.S.C. § 1746, so the Court ordered Plaintiff to provide an Affidavit or compliant Declaration. Doc. 40. On January 6, 2025, Plaintiff filed a compliant Declaration. Doc. 42.

## II.   DISCUSSION

Plaintiff asserts he is entitled to default judgment as a sanction because Defendants have refused to comply with the Federal Rules of Civil Procedure or this Court's orders

with no legitimate justification. He requests $64,800 in damages and provided a Declaration in support of this sum.[4]

### A. Default Judgment as a Sanction

In his Motion for Sanctions, Plaintiff detailed Defendants' failures to comply with Court orders and explained that "[t]o date, Defendants have refused to communicate regarding" the litigation. Doc. 32 at 3. Plaintiff argues that for those reasons sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(6) are warranted, up to and including default judgment.

A court has the inherent power to impose sanctions for litigation misconduct. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991); and then citing *In re Sunshine Jr. Stores*, 456 F.3d 1291, 1304 (11th Cir. 2006)). "The court's inherent power derives from the court's need 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Chambers*, 501 U.S. at 43).

To date, Defendants have not complied with five Court orders: (1) Defendants did not mediate the case per the Uniform Scheduling Order, Section 3 (Doc. 17); (2) Defendants did not respond to the order to show cause why they failed to comply with Section 3 of the Uniform Scheduling Order (Doc. 28); (3) D&S did not retain new counsel per the Court's order after allowing its counsel to withdraw (Doc. 21); (4) Defendants have

---

[4] Because the Declaration attached to the supplemental brief did not comply with § 1746, the Court will not consider it. Thus, the operative Declaration is the one filed on January 6, 2025. Doc. 42. Additionally, because the compliant Declaration makes no mention of the computation table of damages attached to the supplemental brief (Doc. 39-1 at 4), the Court will also not consider the computation table because its veracity remains unverified.

4

not responded to Plaintiff's Second Motion to Compel per the Court's order, which did warn Defendants that failure to comply may result in sanctions (Doc. 27; *see also* Doc. 32 at 2, ¶ 13); (5) Defendants did not appear as ordered for the telephone status conference on September 23, 2024, despite the Court's warning that sanctions, including an entry of default judgment, could result for failure to comply (Doc. 30). Additionally, D&S has twice been told that it cannot proceed in the case pro se and that it must retain new counsel. Docs. 21, 30. To date, no notice of appearance by new counsel has been filed on behalf of D&S. Because Defendants failed to obey scheduling and pretrial orders and failed to obey an order to provide discovery, sanctions are appropriate under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A).

Both Rule 16 and Rule 37 allow entry of default judgment as a sanction. Fed. R. Civ. P. 37(b)(2)(A)(vi); Fed R. Civ. P. 16(f)(1). While default judgment is a "particularly severe sanction," it is within the Court's discretion to award. *Chambers,* 501 U.S. at 45; *see also Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) ("When a party demonstrates a flagrant disregard for the court and the discovery process, however, dismissal is not an abuse of discretion."); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("The district court has the authority to enter default judgment for failure to . . . comply with its orders or rules of procedure."). "Notably, the severe sanction of a default judgment requires the Court to make a finding of willfulness or bad faith failure to comply and a finding that lesser sanctions are not sufficient." *Brown v. Superior Mgmt., Inc.*, 2024

WL 4347877, at *2 (N.D. Ga. Sept. 30, 2024) (citations omitted);[5] *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985). "Bad faith may be found through 'delaying or disrupting the litigation or hampering enforcement of a court order.'" *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 2017 WL 3584906, at *3 (M.D. Fla. July 21, 2017) (quoting *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009)), *aff'd*, 754 F. App'x 955 (Fed. Cir. 2018). "[W]illfullness generally connotes intentional action taken with at least callous indifference for the consequences." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996).

"The Supreme Court has also held that the intent behind Rule 37 sanctions is both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Taser Int'l, Inc.*, 2017 WL 3584906, at *2 (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980)), *aff'd*, 754 F. App'x 955 (Fed. Cir. 2018).

The Court finds that, based on the record, Defendants engaged in bad-faith failure to comply with Court orders and that lesser sanctions would be insufficient. Defendants' absolute refusal to participate has not just delayed or disrupted the litigation, it has completely halted it. Defendants have not complied with five Court orders and are avoiding Plaintiff's communication attempts. It is untenable for Plaintiff to continue litigating when Defendants will not engage. Such egregious conduct warrants default judgment, and a lesser sanction will not suffice when Defendants have no respect for Court orders or the

---

[5] Here, and elsewhere in this Opinion, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

litigation process. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1306–07; *Brown*, 2024 WL 4347877, at *2. Moreover, a default judgment sanction will deter defendants "tempted to such conduct in the absence" of such a severe sanction. *See Roadway Exp., Inc.*, 447 U.S. at 764. Thus, an entry of default judgment against Amitkumar Patel and D & S, LLC is appropriate under Fed. Rs. Civ. P. 16(f) and 37(b)(2).[6]

### B. Liability

While the sanction of default judgment may be warranted, the Court must still determine that Plaintiff has shown it has a claim upon which relief can be granted to impose liability on Defendants for the alleged FLSA violation and award damages. *See Munoz Bustamente v. Inc.*, 2021 WL 12311069, at *4 (S.D. Fla. July 30, 2021) (explaining that after entering default judgment against a defendant, the court must "determine whether the Complaint pleads sufficient facts to impose liability before turning to the issue of damages"). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted); *see also Hornady v. Outokumpu Stainless USA*, 572 F. Supp. 3d 1162, 1221 (S.D. Ala. 2021) ("Allegations in a complaint 'must present a sufficient basis to support the default judgment on the issue of liability.'" (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))), *remanded on other grounds by* 118 F. 4th 1367 (11th Cir. 2024) ("The district court did not err when it entered default judgment,

---

[6] *See Pimental v. Strength20, LLC*, 2024 WL 2332332, at *1 (M.D. Fla. Feb. 22, 2024); *Gavin v. Teraphysics Corp.*, 2019 WL 6468496, at *2 (M.D. Fla. Oct. 23, 2019), *report and recommendation adopted,* 2019 WL 6465029 (M.D. Fla. Dec. 2, 2019); *Melluzo v. Pub. Advoc., LLC*, 2006 WL 5159197, at *1–2 (M.D. Fla. May 31, 2006); *Munoz Bustamante v. Inc.*, 2021 WL 12311069, at *3 (S.D. Fla. July 30, 2021).

when it refused to reconsider that decision, or when it determined which of the plaintiffs' claims were well pleaded.").

Plaintiff's Complaint alleges a single claim for violation of the FLSA because Defendants did not pay Plaintiff overtime wages. To state a claim for relief for an overtime violation under the FLSA, Plaintiff must demonstrate that "(1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)); *see also Guevara v. Lafise Corp.*, 2025 WL 341903, at *3–4 (11th Cir. Jan. 30, 2025).

Plaintiff sufficiently demonstrated that he is employed by Defendants. "The [FLSA] defines the term 'employer' broadly to include 'both the employer for whom the employee directly works as well as "any person acting directly or indirectly in the interests of an employer in relation to an employee."'" *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)). The Eleventh Circuit has recognized that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Patel v. Wargo,* 803 F.2d 632, 637–38 (11th Cir.1986)). To find individual liability against a corporate officer, a court must conduct the "economic reality test," which asks "whether the alleged employer

(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Freeman*, 494 F. App'x at 942–43 (quoting *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997)). Here, Plaintiff alleged,

> At all times relevant to the claims made the basis of this suit, [] Patel was acting in capacity as an owner, and had operational control over the day-to-day functions of the Plaintiff, had direct responsibility for the compensation of the Plaintiff, and determined the day-to-day functions of the Plaintiff. [] Patel personally had the power to hire and fire the Plaintiff, personally supervised, and controlled the Plaintiff's work schedules and conditions of his employment, personally determined the rate and method of payment to the Plaintiff as well as the Employer's pay policies and personally was involved in and, to the extent that they were and are, maintained the pay and employment records of the Plaintiff.

Doc. 1 ¶ 10. Defendants admitted these allegations in their Answer. Doc. 6 ¶ 10. The Court finds this sufficient to pass the economic reality test. Additionally, Plaintiff alleged that "[a]t all times relevant to this action, each Defendant was an 'employer' of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an 'employee' of said employers as defined by § 203(e) of the FLSA." Doc. 1 ¶ 13. In their Answer, Defendants admit these allegations. Doc. 6 ¶ 13. Accordingly, the first requirement for FLSA liability is met.

To satisfy the second requirement—that Defendants engaged in interstate commerce—Plaintiff may assert "enterprise coverage." *See Josendis*, 662 F.3d at 1298–99. An employer falls under "enterprise coverage" if it satisfies two prongs: (1) it must have "at least two employees engaged in interstate commerce or the production of goods for interstate commerce, or who handle, sell, or otherwise work on goods or materials that

had once moved or been produced for in interstate commerce," and (2) it must have "gross sales of at least $500,000 in sales annually." *Id.* at 1317; *see also Kaciak v. TAB Rest. Grp., LLC*, 2024 WL 262570, at *2 (M.D. Fla. Jan. 24, 2024).

Plaintiff alleges that D&S is an "enterprise engaged in the commerce or production of goods for commerce" for purposes of the FLSA and that D&S is "an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce." Doc. 1 ¶ 11. Plaintiff further alleges that D&S "has had, and continues to have, an annual gross volume of sales made or business done of not less than $500,000[.]" Doc. 1 ¶ 12. In their Answer, Defendants admit these allegations. Doc. 6 ¶¶ 11, 12. The Court finds these allegations sufficient to satisfy the second requirement, particularly because Defendants have admitted the allegations. *See Michaud v. U.S. Steakhouse Bar and Grill, Inc.*, 2007 WL 2572197, at *5 (M.D. Fla. Sept. 5, 2007); *Rosa v. SRG Ocoee, LLC*, 2023 WL 4466763, at *1–2 (M.D. Fla. June 22, 2023).

Finally, Plaintiff satisfied the third requirement because he states in his Declaration that he was "not properly paid for hours worked in excess of 40." Doc. 42 ¶ 4. The Court finds this sufficient to demonstrate that Defendants failed to pay Plaintiff overtime wages.

Accordingly, because Plaintiff has satisfied each requirement to state a claim for relief for an overtime violation under the FLSA, the Court finds that Defendants are liable for the FLSA violation alleged in the Complaint.

## C. Damages

Plaintiff has requested $64,800, comprised of $32,400 in unpaid overtime pay for three years and an equal amount in liquidated damages. When entering an order of default judgment, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co.*, 777 F.2d at 1544 (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). "While well-pleaded facts in the complaint are deemed admitted . . . allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Arriaga v. M&I Enters. 2, LLC*, 2020 WL 13526628, at *3 (N.D. Ga. Aug. 6, 2020) (quoting *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365 (N.D. Ga. 2011)).

Although an evidentiary hearing is ordinarily required to determine the amount of damages, no hearing is necessary if the claim against the defaulting defendant is for a "liquidated sum or one capable of mathematical calculation." *See Adolph Coors Co.*, 777 F.2d at 1543–44 (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). And no hearing is necessary "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace v. The Kiwi Grp.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citations omitted) ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

Here, an evidentiary hearing is unnecessary because Plaintiff's claims appear to be for a liquidated sum and the damages can be established with mathematical certainty based on the submission of Plaintiff's Declaration.[7] Nor does the Court believe that any further evidence is necessary, or exists in the Plaintiff's control, to make a determination of damages. The Court directed Plaintiff to include "evidence to establish his requested damage award against Defendants" in his supplemental brief (Doc. 33 at 2), and the record reflects that Plaintiff has been unable to obtain discovery materials from Defendants despite multiple attempts to contact Defendants and a Court order to compel discovery materials, (Docs. 26, 27). Because Defendants would not respond to discovery, the Court presumes that Plaintiff has been unable to access Defendants' records of his employment. Thus, it stands to reason that the evidence Plaintiff has presented in his supplemental brief is all the evidence Plaintiff has and an evidentiary hearing would produce nothing further. Accordingly, the Court will make a determination of damages without a hearing.

### 1.  Wages

Plaintiff has requested overtime pay for the course of three years, or 156 weeks. But the "statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years." *Morgan*, 551 F.3d at 1280 (citing 29 U.S.C. § 255(a)). "[I]f the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years.*" Id.* (quoting 29 U.S.C. § 255(a)). "To establish that the violation of the [FLSA] was

---

[7] *See Kaciak*, 2024 WL 262570, at *4; *Rosa*, 2023 WL 4466763, at *2–3; *Arriaga*, 2020 WL 13526628, at *3–4; *Schmitt v. Courtesy Pro. Sec., Inc.*, 2018 WL 5268755, at *2–3 (M.D. Fla. Aug. 22, 2018), *report and recommendation adopted*, 2018 WL 5263458 (M.D. Fla. Oct. 23, 2018); *Michaud*, 2007 WL 2572197, at *6; *Munoz Bustamante v. Inc.*, 2021 WL 12311069, at *5–6 (S.D. Fla. July 30, 2021); *Traini v. All Craft Marine, LLC*, 2024 WL 4818509, at *3 (M.D. Fla. June 27, 2024).

willful in order to extend the limitations period, the employee must prove by a *preponderance of the evidence* that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez*, 515 F.3d at 1162–63 (emphasis added) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "It is [the plaintiff's] burden to prove willfulness." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902–03 (11th Cir. 2012).

The Complaint alleges that Defendants "willfully violated the overtime provisions of the Fair Labor Standards Act[.]" Doc. 1 ¶ 26. This allegation is conclusory and not accompanied by any further factual support in the Complaint. Plaintiff claims in his Declaration that he discussed with Patel "his failure to pay me the premium overtime rate of $15.00 for each hour worked in excess of 40." Doc. 42 ¶ 8. However, this claim is insufficient to meet Plaintiff's burden of production that Defendants' violation of the FLSA was willful because it does not demonstrate that Patel knew a failure to pay overtime was a violation of the FLSA or that Patel acted recklessly (as opposed to unreasonably) with regard about whether it was a violation. *See Allen v. Bd. of Pub. Educ. For Bibb Cnty.*, 495 F.3d 1306, 1324 (11th Cir. 2007) ("If an employer acts unreasonably but not recklessly in determining its legal obligation under the FLSA, then its actions should not be considered willful and the two-year statute of limitations should be applied." (citation omitted)). Thus, Plaintiff is only eligible for unpaid overtime wages for the two-year period preceding the filing of this action. *See Munoz Bustamante*, 2021 WL 12311069, at *5; *Coleman v. EWPB LLC*, 2019 WL 6484940, at *3 (S.D. Fla. Dec. 3, 2019).

Plaintiff estimated that he worked 16 hours unpaid overtime per week at an overtime rate of $15 per hour.[8] That places him at $240 per week in overtime compensation. There are 52 weeks in a year, and Plaintiff asserts that he worked 16 hours overtime every week of the preceding three years. Because of the statute of limitations, this Court can only grant him the preceding two years of overtime compensation. Thus, Plaintiff's modified amount of unpaid overtime weeks is 104 weeks, not his asserted 256 weeks. Based on these calculations, Plaintiff would be entitled to $24,960.

In situations such as this, where the employer's records are unavailable and the employee cannot offer convincing substitutes, the employee "has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Medrano v. The Inv. Emporium LLC*, 672 F. App'x 944, 947 (11th Cir. 2016) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)) (citing *Lamonica*, 711 F.3d at 1315 (describing an FLSA plaintiff's burden as "relaxed" if an employer has failed to keep adequate time records)). A detailed affidavit can be sufficient evidence to show the amount and extent of a plaintiff's work. *See Adolph Coors Co.*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" (quoting *United Artists Corp.*, 605 F.2d at

---

[8] Plaintiff alleged that his base salary was $10 per hour, and under the FLSA, an employee is entitled to overtime compensation "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

857)); *Kaciak*, 2024 WL 262570, at *4. Following a plaintiff's showing of sufficient evidence, the burden shifts to the employer, who "must bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Allen*, 495 F.3d at 1316 (citing *Anderson*, 328 U.S. at 687–88). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* (quoting *Anderson*, 328 U.S. at 688); *see also Medrano*, 672 F. App'x at 948.

Because Defendants have not come forward with any rebuttal evidence and Plaintiff provided a Declaration of his calculations, the Court finds this sufficient to establish Plaintiff's entitlement to the amount of his unpaid overtime wages due as a matter of just and reasonable inference.[9] Thus, Plaintiff is due $24,960 in unpaid overtime wages.

### 2. Liquidated Damages

Under the FLSA, "any employer who violates the overtime wage provisions is liable to the employee in the amount of the employee's unpaid overtime compensation and an equal amount as liquidated damages." *Rosa*, 2023 WL 4466763, at *2 (citing 29 U.S.C. § 216(b)). The Eleventh Circuit has stated that "liquidated damages are mandatory absent a showing of good faith." *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987);

---

[9] *See Rosa*, 2023 WL 4466763, at *3 ("Plaintiff's affidavit (Dkt. 17-1) is sufficient evidence to demonstrate the amount and extent of his work as a matter of just and reasonable inference. Defendant has not produced evidence or otherwise controverted such evidence in response. Thus, Plaintiff is entitled to the undisputed amount of $2,019.60 in overtime compensation."); *Schmitt*, 2018 WL 5268755, at *2 ("Plaintiff supports this well-pled allegation with his af[f]idavit (Doc. 14-1). I find this showing sufficient to establish entitlement to the amounts pled."); *Michaud*, 2007 WL 2572197, at *6 ("In this case, [d]efendants have defaulted and have not filed an opposition to the instant motion for default judgment. I therefore find that [p]laintiff's affidavit is sufficient evidence to show the amount and extent of the work he performed.").

*see also Ojeda-Sanchez*, 499 F. App'x at 902 ("[E]mployees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith."); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) (explaining that under the FLSA a district court must award liquidated damages unless the employer can establish it "acted in good faith and under the reasonable belief that it was in compliance with the FLSA").

Defendants have filed nothing demonstrating that their violation of the FLSA was in good faith. Thus, an award of liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation is appropriate. *See Hemingway v. GA Constr. Grp., LLC*, 2017 WL 4083188, at *1 (S.D. Fla. Aug. 4, 2017) ("[W]here a defendant defaults, courts typically award plaintiffs liquidated damages based solely on affidavits setting forth the actual damages."). Plaintiff is therefore due $24,960 in liquidated damages.

### 3.     **Attorney's Fees**

When an employee succeeds on an FLSA claim, such as here, an award of attorney's fees is mandatory. 29 U.S.C. § 216(b); *see also Michaud*, 2007 WL 2572197, at *7. Additionally, Rules 16(f)(2) and 37(b)(2)(C) state that the Court "must order" the payment of reasonable expenses, including attorney's fees, incurred because of any noncompliance with Rule 16 or caused by a failure to obey a discovery order. Fed. R. Civ. P. 16(f)(2); Fed. R. Civ. P. 37(b)(2)(C).

However, Plaintiff did not provide any evidence for calculating his attorney's fees. His Complaint requested attorney's fees, but again, there is no evidence before the Court as to the amount to be awarded. Whether this is a simple oversight or a purposeful omission

in anticipation that collecting judgment from Defendants will be difficult, the Court nonetheless awards a nominal amount of attorney's fees. *See Schmitt v. Courtesy Pro. Sec., Inc.*, 2018 WL 5268755, at *3 (M.D. Fla. Aug. 22, 2018), *report and recommendation adopted*, 2018 WL 5263458 (M.D. Fla. Oct. 23, 2018). Based on the Court's experience, an award of $2,500 in attorney's fees is appropriate here.

### III. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. Plaintiff's Motion for Sanctions (Doc. 32) is GRANTED.

2. The sanction imposed is a default judgment, and judgment will be entered in favor of Plaintiff Andre Russaw and against Defendants Amitkumar Patel and D & S, LLC jointly and severally.

3. Plaintiff is awarded damages in the amount of $52,420 ($24,960 in overtime compensation, $24,960 in liquidated damages, and $2,500 in attorney's fees), plus prejudgment interest, for the default judgment.

Done this 6th day of February, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE